13-440-cv
*Grys v. ERIndustrial Sales, Inc.*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of January, two thousand fourteen.

PRESENT:
> JOSÉ A. CABRANES,
> REENA RAGGI,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

---------------------------------------------------------

CHRISTINE GRYS,

> *Plaintiff-Appellant,*

> v.                                                                      No. 13-440-cv

ERINDUSTRIAL SALES, INC., AL FROEBEL,
DAVID FACKELMAN,

> *Defendants-Appellees.*

---------------------------------------------------------

**FOR PLAINTIFF-APPELLANT:**          Christine Grys, *pro se*, West Seneca, NY.


**FOR DEFENDANTS-APPELLEES:**          Scott P. Rogoff, Hisckock & Barclay LLP, Rochester, NY.

1

Appeal from a December 31, 2012 decision of the United States District Court for the Western District of New York (William M. Skretny, *Chief Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

Christine Grys, proceeding *pro se*, appeals from the judgment of the District Court dismissing her complaint as untimely filed. The complaint alleged, *inter alia*, employment discrimination based on sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* After filing her complaint with the New York State Division of Human Rights in June 2010, Grys filed charges with the Equal Employment Opportunity Commission ("EEOC"). By letter dated October 14, 2011, the EEOC sent Grys a Right-to-Sue notice, which she received on October 20, 2011. According to the clerk's date-stamp on the face of her complaint, Grys filed her complaint in the District Court on January 20, 2012.

In May 2012, Defendant ERIndustrial Sales Inc. ("ERI") filed a motion for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c), seeking dismissal of the complaint as time-barred because Grys had exceeded the 90-day window for filing her complaint in federal court. The District Court permitted Grys to file a supplemental affidavit explaining the reason for her delay in filing the complaint. Grys filed the affidavit, and on January 3, 2013, the District Court entered judgment dismissing the complaint. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's decision to grant judgment on the pleadings pursuant to Rule 12(c). *See Kirkendall v. Halliburton, Inc.*, 707 F.3d 173, 178 (2d Cir. 2013). We accept the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See id.*

In order to successfully pursue a Title VII claim in federal court, a plaintiff must file her federal complaint within 90 days of receipt of her Right-to-Sue notice from the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1). The 90-day period is not jurisdictional, however, and it is subject to equitable tolling. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398 (1982). Equitable tolling is appropriate where the plaintiff: (1) "actively pursued judicial remedies but filed a defective pleading during the specified time period"; (2) "was unaware of his or her cause of action due to misleading conduct of the defendant"; or (3) suffered from a "medical condition or mental impairment [that] prevented her from proceeding in a timely fashion." *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (internal quotation marks omitted).

Equitable tolling is also proper where the plaintiff has shown that she: "(1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Id.* at 80-81 (internal quotation marks omitted). We review a district court's decision to deny equitable tolling for "abuse of discretion." *See id.* at 80-81. A district court "abused its discretion" if it "based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a

decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks and citations omitted).

As an initial matter, Grys does not raise any arguments in her brief concerning the timeliness of her complaint or the District Court's decision to deny equitable tolling, and thus has abandoned any such challenges. *See JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005) ("[A]rguments not made in an appellant's opening brief are waived even if the appellant pursued those arguments in the district court . . . ."); *LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995) (explaining that a *pro se* appellant abandons an issue not raised in his appellate brief).

In any event, even if all relevant arguments are deemed preserved for appeal, after having conducted an independent and *de novo* review of the record in light of the above principles, we find that the District Court properly granted the Rule 12(c) motion and dismissed Grys's complaint as untimely filed.

Grys admitted in her complaint that she received her EEOC Right-to-Sue notice on October 20, 2011. She then had 90 days, or until Wednesday, January 18, 2012, to file her federal complaint. *See* 42 U.S.C. § 2000e-5(f)(1). Grys's complaint, however, was not filed until January 20, 2012—92 days after she received her Right-to-Sue notice. Although she stated, in her affidavit filed in opposition to the Rule 12(c) motion, that she had signed the complaint on January 18, 2012, and personally delivered it to the Clerk's Office of the District Court on that date, both the District Court docket sheet and the date-stamp on the complaint indicate that it was filed on January 20, 2012, two days beyond the limitations period. Grys offers no evidence to corroborate her assertion, nor any reason to doubt the accuracy of those court records.

Furthermore, we find no error or "abuse of discretion" in the District Court's decision to deny equitable tolling, as Grys's proffered causes for the delay in filing her complaint do not amount to "rare and exceptional circumstances, [such that she was] prevented in some extraordinary way from exercising [her] rights." *Zerilli-Edelglass*, 333 F.3d at 80 (internal quotation marks and citations omitted). Grys's contentions on appeal, which merely reiterate the factual allegations in her complaint, do not call into question the propriety of the District Court's rulings.

## CONCLUSION

We have considered all of Grys's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3